## QUESTIONS GROWING OUT OF COLLISION OF STREET CAR WITH VEHICLE.

### Common Pleas Court of Hamilton County.

### FRANK GREVE v. THE CINCINNATI TRACTION COMPANY.

#### Decided, December 30, 1913.

*Negligence—Status Where Last Chance is Not Alleged But May Have Been Raised by the Evidence—Trial of a Cause in Absence of the Pleadings—Discretion in Permitting an Amended Reply to be Filed —Charge of Court—Verdict Treated as Excessive in View of Weight of the Evidence.*

1. Failure to read the pleadings to the jury or to send the originals or copies thereof to their room when they retired for deliberation, does not constitute error where the issues were correctly stated in the charge of the court.
2. It is within the sound discretion of the court to permit an amended reply to be filed at any stage of the proceedings, and where such reply merely traversed averments of the answer setting up contributory negligence the claim can not be made that the defendant was taken by surprise.
3. In an action against a traction company, for damages on account of the striking by one of the defendant's cars of the vehicle which the defendant was driving, it is not error on cross-examination of the motorman to permit him to testify as to the equipment of his car and the kind of brake employed thereon.
4. Notwithstanding the inference from a statement in the Brandon case, 87 Ohio State, 187, that the doctrine of last chance may be made applicable to a case by the evidence, it is nevertheless probably error to charge on the subject of last chance, where it is not made applicable by any allegation of the petition and there is nothing to indicate that he was in a place of danger except that he was crossing the track of a street railway.
5. A verdict of $7,000 for permanent injuries to a driver fifty-one years of age is excessive, where the injuries do not unfit him for the work he has been accustomed to perform, and the testimony is of such a character as to present a close question as to the liability of the defendant.

*Kittredge & Wilby* and *R. E. Simmonds,* for the motion.

*Harry H. Friedman, Jacob S. Hermann* and *Thos. L. Michie,* contra.

GORMAN, J.

This is an action brought by Frank Greve to recover damages from the defendant by reason of the alleged negligence of the motorman of the defendant company, which resulted in a collision. between a car of the defendant company and a carriage which was being driven by the plaintiff on West Eighth street, in the city of Cincinnati, on or about the 11th day of May, 1911, near the corner of Eighth and Linn streets. The negligence charged to the defendant's motorman was that he negligently, carelessly and with great violence struck the carriage which the plaintiff was driving, and that the motorman negligently failed to slacken the speed of the car of the defendant company upon observing that plaintiff was crossing the said Eighth street and negligently and carelessly failed to stop said car to avoid striking said carriage.

The defendant in its answer admitted that it was a corporation under the laws of Ohio at the time alleged in the petition and was engaged in operating a line of street railway over Eighth street, in said city of Cincinnati, at the time and place alleged by the plaintiff, but denies each and every other allegation of the petition, and by way of second defense it set up that the plaintiff was injured, first, by reason of his own negligence, and secondly, by reason of negligence which contributed to his own injury.

After the jury were qualified and sworn and the case was about to proceed to trial the plaintiff asked and obtained leave to file an amended reply denying contributory negligence on his part.

Upon the trial of the case and the submission of the same to the jury a verdict was returned in favor of the plaintiff for $7,000.

A motion is now interposed by the defendant to set aside the verdict on several grounds, which will be noted during the course of this decision.

This was the second trial of this case. It was first tried before Judge Cushing, and on the conclusion of the plaintiff's testimony he arrested the case from the jury and directed a verdict to be returned in favor of the defendant. The plaintiff

prosecuted error to this judgment, and the court of appeals reversed the same, holding that the evidence of plaintiff disclosed a case which should have been submitted to the jury. The defendant thereupon prosecuted error to the Supreme Court, and the case is now pending in that court upon the petition in error of the defendant to reverse the judgment of the court of appeals.   After the petition in error and all the pleadings in the case were filed with the Clerk of the Supreme Court and while the cause was there pending, plaintiff appeared before the common pleas court, procured a setting of the case and the case was heard the second time before this individual member of the court.

At the outset counsel for the defendant objected to proceeding to trial in the absence of the original pleadings, the plaintiff having failed to produce the same in court when the case was about to proceed to trial.  Counsel for the plaintiff contended that in view of the fact that the case had been taken on error to the Supreme Court by the defendant and the papers there filed, the plaintiff was unable to produce the papers in the court of common pleas, and requested that a printed copy of the record which was filed in the Supreme Court be used and also that copies of the original pleadings be used.

Counsel for the defendant also objected to the leave granted by the court to the plaintiff to file an amended reply at the time leave was given when the case was about to be presented to the jury.

There are numerous grounds of error alleged to have occurred during the trial of the case, and upon one or all of these grounds counsel for the defendant contend that a new trial should be granted.  The court will notice these alleged grounds of error in the order in which they are set out in the brief of the defendant filed herein.

First it is objected that it was prejudicial error to proceed to the trial of the case in the absence of the original pleadings.

The court is of the opinion that in view of the fact that copies were used, and also the printed record setting out in full the original pleadings, and also in view of the further fact that the court in charging the jury read from the printed record the

pleadings and further stated to the jury what the court conceived to be the issues in the case, the defendant was not prejudiced by the absence of the original pleadings. The court is of the opinion that if the issues were correctly stated without reading the pleadings or without sending any copies into the jury room with the jury, there would be no error in the failure either to read the pleadings or to send copies or originals into the jury room when they retired for deliberation.

The court is of the opinion, however, that counsel for the plaintiff might very well have produced the original pleadings if they had been diligent, and that there would have been no difficulty in requesting the clerk of the Supreme Court to return the original pleadings temporarily to the files of the court of common pleas, and it may be further said in this connection that counsel for plaintiff were notified by this court that this might have been done in ample time to have avoided this objection on the part of the defendant; but counsel for plaintiff appears to have been willing to take the chance of any error which might result from their failure to produce the pleadings and to throw the burden upon the trial court of holding that there was no error in counsel's own neglect.

As to leave being given to file an amended reply at the time it was given, the court is of the opinion that there was no error prejudicial to the defendant in so ruling. We believe it is within the sound discretion of the court to permit a reply to be filed at any stage of the proceedings, in order that substantial justice may be done and that the parties may not be deprived of a substantial right by reason of any neglect or omission on the part of their counsel, provided no prejudice resulted to the adverse party. The amended reply simply traversed the averments of the answer setting up contributory negligence. Now, when the defendant set up the plea of contributory negligence it must have been prepared to establish and prove contributory negligence on the part of the plaintiff. The fact that the plaintiff, up to the time of trial, had not denied contributory negligence is not sufficient, in the opinion of the court, to warrant counsel for the defendant in claiming that they were prejudiced by the failure to traverse the averments of contributory negli-

gence, nor could they claim to have been taken by surprise. The court is of the opinion, therefore, that there was no error in granting leave to file this amended reply.

It is next contended that there was error on the part of the court in admitting evidence tending to show the kind of a brake that was used on the car which came into collision with the plaintiff.

The question of the kind of brake upon the car arose incidentally, when the motorman who was operating this car in question was placed upon the stand by the defendant and was interrogated as to the manner of stopping his car, the time and space within which the car could have been stopped and the appliances which the motorman could use to stop his car. All these matters, the court is of the opinion, were proper to consider in determining whether or not the motorman exercised reeasonable care in the operation of his car, in his effort to stop the car or slacken its speed, so as to avoid injury to the plaintiff; if such things were necessary to be done. Furthermore, these matters were brought out in cross-examination of the defendant's witness and very much greater latitude is allowed on a cross-examination of a hostile witness and one in the employ of the defendant than would be allowed if the plaintiff undertook to show affirmatively the equipment upon this car.

The court is therefore of the opinion that there was no error in permitting Adkins, the defendant's motorman, to testify as to the equipment upon his car and the kind of a brake employed thereon.

The next ground of error alleged is that the court erred in its charge to the jury in several particulars.

As a part of the charge to the jury the court said, among other things:

"If the defendant's motorman was negligent, and the plaintiff was also negligent, yet *unless the plaintiff notwithstanding his own negligence, might, by the exercise of ordinary care, have avoided the consequences of the defendant's negligence, he is entitled to recover a verdict in this case;* but if, by the exercise of ordinary care, he might have avoided the consequences of the defendant's negligence, if the defendant was negligent, he would not be entitled to recover, as, under such circumstances,

the plaintiff was the author of his own injuries and was guilty of contributory negligence, which would prevent him from recovering a verdict in this case.''

If this be a correct statement of the law, it can only apply, in the opinion of the court, to a state of facts which raise the question of the last chance, and this language employed by the court in this case is a modification of the rule laid down in the case of *Davies* v. *Mann*, 10 M. & W. A careful examination of the pleadings will disclose that the plaintiff did not undertake specifically to set out a last chance case. It is true that in his petition the plaintiff alleged that the motorman operating said car carelessly and negligently failed to slacken the speed of said car upon observing that plaintiff was crossing the said street, and negligently and carelessly failed to stop said car to avoid striking said carriage. The plaintiff failed to allege that he was in a position of danger known to the motorman of the defendant's car and from which position he could not extricate himself at the time he was struck by the defendant's car. It may be that the pleading leaves to inference the fact that the plaintiff was in a position of danger at the time the motorman observed him crossing the track of the defendant company, but it does not necessarily follow that the track of a street railway company is a place of danger, and the court is of the opinion that while this language does correctly state the law relating to the last chance, nevertheless it was error on the part of the court to incorporate this language into the charge in the case at bar.

Furthermore, the court, among other things, charged the jury as follows:

''In this case, if you find from the evidence that the plaintiff acted as an ordinarily prudent person under the circumstances and his conduct was not negligence in attempting to cross the track of the defendant company at the time and place he did, and if you further find that the injuries of the plaintiff were the direct result of the negligent act of the motorman in running his car at a high and excessive rate of speed without slackening the same or attempting to avoid injuring the plaintiff, and you further find that the plaintiff was not guilty of such contributory negligence as helped to produce his own injuries, then

under such circumstances plaintiff's injuries were the direct result of the defendant's negligence and the plaintiff would be entitled to recover a verdict at your hands."

It is claimed by counsel for the defendant that there was error in this part of the charge and in counsel's brief a part of this language is quoted and made the basis of the claim of error.

There is no doubt that if the court employed only the language quoted by counsel for defendant, it would be prejudicial error, but the whole statement taken together, in the opinion of the court, does fairly state the law and can not be fairly said to be erroneous.

There are many other errors claimed to have been committed by the court in the charge, some of which claims the court is of the opinion are well founded.and that the language employed constituted error; but whether or not they would be prejudicial, taking the charge as a whole, the court is not prepared to say, but is inclined to believe that· they were not prejudicial if taken in connection with the whole charge.

It is further claimed that the verdict of the jury is excessive and that $7,000 for injuries to a man fifty-nine years of age, of the character shown by the evidence to have been sustained by the plaintiff, indicates that the jury must have been influenced by prejudice or passion, or they must have indulged in speculation and guessing as to the amount of the recovery to which the plaintiff was entitled, if he was entitled to recover at all.

The court is of the ·opinion that the amount of the verdict is excessive under the evidence. It is true that the plaintiff was probably permanently injured, but the injury was not of such a serious nature as to incapacitate him from the performance of labor of the character he had been accustomed to perform before. The court is further of the opinion that counsel for the defendant was somewhat at fault in submitting this case to the jury without argument, and the jury may thereby have inferred that counsel for the defendant had no faith in the defense of the company and may therefore have assumed that counsel for the defendant was, by his failure to argue the case, conceding liability on the part of the company. However this may be, the

court is of the opinion that at best it was a very close question as to whether or not the defendant company was liable. The situation presented at the time the plaintiff was injured was such that the jury might very well have returned a verdict in favor of the defendant. It was broad daylight, in the middle of the day, no vehicles except the car in question running eastwardly on Eighth street, and the plaintiff driving a carriage, seated upon the top or box, with a clear view westwardly, crossing the track in front of this car at a distance variously estimated at from one hundred and fifty to twenty-five feet. It was the duty of the plaintiff to be on the lookout and he could and did see this car approaching. It was but a matter of a fraction of a minute to have waited until this car passed him before attempting to cross the track in front of the car. It was easier for the plaintiff to have stopped his carriage than it was to have stopped the street car. It is very doubtful whether or not this verdict ought to stand upon the weight of the evidence.

The court is clearly of the opinion that the amount of the verdict is excessive. The court is further of the opinion that a prejudicial error was committed in the charge to the jury, which the court believes was only applicable to a case of last chance.

In view of the many doubts in the mind of the court with reference to the facts of this case, the trial of the same while the cause was still pending in the Supreme Court, the going to trial without the original pleadings, when the same could have been procured, the error of the court in the charge to the jury, the amount of the verdict, and the doubt as to whether or not the verdict is not manifestly against the weight of the evidence, the court is of the opinion that substantial justice requires this verdict to be set aside and a new trial granted.

I have come to this conclusion reluctantly because this is the second trial of this case, and because the court is loath to set aside the verdict of a jury upon the weight of the evidence, if it is possible to sustain it at all upon that ground; but where the court is of the opinion that his charge may have misled the jury and probably did mislead the jury; to the prejudice of the defendant, the court should not hestitate to set aside the verdict and grant a new trial.

It is probable that the court fell into the error in charging, upon the question of last chance by reason of what was said by Judge Spear in the case of *Traction Company* v. *Brandon*, 87 Ohio State, 187, where, on page 196, he employs this language:

"But, assuming that Brandon was guilty of some negligence in driving upon the track, yet if the motorman, in the exercise of even ordinary care, after he saw the horse and appreciated Brandon's peril, had time and opportunity to avoid the possible consequences by checking the car, and neglected to so exercise such care, such neglect would be negligence, and might properly be regarded as the proximate cause of the injury."

Now the record in the case just cited does not specifically set up the last chance situation. Nevertheless the Supreme Court appears to think, as indicated by Judge Spear's language just quoted, that if the facts show a case of the last chance it might not be error upon the part of the court to charge the jury upon this proposition of law.

However this may be, the court is of the opinion that a more satisfactory result can be obtained by a new trial in this case.

For the reasons stated, the verdict will be set aside and the motion for a new trial granted.